COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                             SUPERIOR COURT
                                                         C.A. NO.: 04-4281-F

|  |  |
|---|---|
| ONE MAPLE STREET ASSOCIATES, LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> BRUEGGER'S CORPORATION, <br><br> and <br><br> BRUEGGER'S ENTERPRISES, INC., <br><br> Defendants. | **PLAINTIFF'S VERIFIED COMPLAINT** |

## NATURE OF ACTION

This is an action commenced by the Plaintiff, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, a commercial landlord, for rent and related charges due and owing by BRUEGGER'S CORPORATION, a former tenant upon the Plaintiff's premises and BRUEGGER'S ENTERPRISES, INC., a successor corporation liable for the obligations of BRUEGGER'S CORPORATION.

## THE PARTIES

1. The Plaintiff, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, is a Massachusetts Limited Partnership, with offices at 15 Court Square, Boston, Suffolk County, Massachusetts 02108 (hereinafter "ONE MAPLE STREET"). Stephen R. Lewinstein and William C. Kaplan are its General Partners.

1

2. The Defendant, BRUEGGER'S CORPORATION, is a Delaware Corporation with corporate offices at 159 Bank Street, Burlington, Vermont 05402 (hereinafter "BRUEGGER'S) and conducted business under the name of Bruegger's Fresh Bagel Bakery while leasing the Plaintiff's property located at 11 Maple Street, Danvers, Massachusetts 01923 (hereinafter, "the premises").

3. The Defendant, BRUEGGER'S ENTERPRISES, INC. (hereinafter "BRUEGGER'S ENTERPRISES"), is a Delaware Corporation with corporate offices at 159 Bank Street, Burlington, Vermont 05402, and is a successor in interest to Defendant, Bruegger's Corporation.

## COUNT I - CONTRACT - ACCOUNT STATED

4. The Plaintiff, ONE MAPLE STREET, restates ¶¶ 1-3 of the Complaint as if each were specifically set forth herein.

5. On or about July 23, 1993, Plaintiff, ONE MAPLE STREET, and Defendant, BRUEGGER'S, entered into a written agreement, for the rental of space at 11 Maple Street, Danvers, Massachusetts 01923. (See Lease attached hereto as **EXHIBIT "A"**.)

6. The Defendant, BRUEGGER'S agreed to pay monthly fixed rent and related charges.

7. As of August 7, 2000, the Defendant, BRUEGGER'S, has been billed the sum of $232,451.11 for rent and related charges (exclusive of costs and attorneys fees) as appears from the Account annexed hereto as **EXHIBIT "B"**.

8. Despite repeated demands, the Defendant, BRUEGGER'S, has either neglected or refused to pay the amounts due and owing the Plaintiff, ONE MAPLE STREET.

9. The Defendant, BRUEGGER'S, has no known defense to this claim for rent, use and occupancy, and related charges.

10. The Defendant, BRUEGGER'S ENTERPRISES, is a successor corporate entity to the Defendant, BRUEGGER'S, and, as such, is liable to the Plaintiff for the obligations of BRUEGGER'S.

WHEREFORE, the Plaintiff, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, demands judgment against the Defendants, BRUEGGER'S CORPORATION and BRUEGGER'S ENTERPRISES, INC., jointly and severally, in an amount to be determined by this Court together with costs, interest and reasonable attorney's fees.

## COUNT II. BREACH OF CONTRACT

11. The Plaintiff, ONE MAPLE STREET, restates ¶¶1-10 of the Complaint as if each were specifically set forth herein.

12. In August 1999 the Defendant, BRUEGGER'S, breached its Lease with the Plaintiff by vacating the Premises before the Lease Term had expired and failed to pay the Plaintiff the amounts due under the Lease Term for rent and related charges.

13. As a consequence of the Defendant's breach, ONE MAPLE STREET has suffered compensable damages.

14. The Defendant, BRUEGGER'S ENTERPRISES, is a successor corporate entity to the Defendant, BRUEGGER'S, and, as such, is liable to the Plaintiff for the obligations of BRUEGGER'S.

15. The Defendants' breach occurred on or about August 1999.

WHEREFORE, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP demands Judgment against the Defendants, BRUEGGER'S CORPORATION and

BRUEGGER'S ENTERPRISES, INC., jointly and severally together with interest from the date of the breach, together with reasonable attorney's fees.

### COUNT III. G.L. c. 93A

16. ONE MAPLE STREET repeats and re-alleges ¶¶ 1 to 15 of the Complaint as if each were specifically set forth herein.

17. At all times material or relevant hereto, the Defendants, BRUEGGER'S and BRUEGGER'S ENTERPRISES, were engaged in trade or commerce within the meaning of those terms contemplated in G.L. c. 93A and cases cited thereunder.

18. The Defendants, in refusing to pay for the amounts due under the Lease and the wrongful transfer of assets from BRUEGGER'S to BRUEGGER'S ENTERPRISES have engaged in an unfair or deceptive acts or practices in contravention of G.L. c. 93A §§ 2 and 11.

19. The actions of the Defendants, in not paying ONE MAPLE STREET the contract sum of $232,451.11, and the wrongful transfer of assets from BRUEGGER'S CORPORATION to BRUEGGER'S ENTERPRISES, INC. were and are willful and intentional.

WHEREFORE, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP demands Judgment against the Defendants, BRUEGGER'S CORPORATION and BRUEGGER'S ENTERPRISES, INC., jointly and severally in the amount of $232,451.11 and requests that this Court make a finding of a willful and intentional violation of G.L. c. 93A, treble ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP'S damages as

[THIS SPACE INTENTIONALLY LEFT BLANK]

provided for in the statute and award ONE MAPLE STREET LIMITED PARTNERSHIP its costs and reasonable attorney's fees, all as provided for in the statute with statutory interest from the date of the breach.

The Plaintiff,
ONE MAPLE STREET
ASSOCIATES LIMITED
PARTNERSHIP,
By Its Attorney,

_____
Stephen P. Rahavy, Esq.
Law Offices of Stephen P. Rahavy
2 Oliver Street, 8th Floor
Boston, MA 02109-4900
(617) 451-0700
BBO# 410810

Dated: September 27th, 2004

## VERIFICATION OF COMPLAINT

I, Stephen R. Lewinstein, General Partner of One Maple Street Associates Limited Partnership, the Plaintiff named herein, depose and declare as follows:

1. That I have first hand knowledge of the facts and circumstances alleged in the attached Complaint.

2. That I have, in fact, reviewed the attached Complaint.

3. That, to the best of my knowledge and belief, each of the allegations set forth in the attached Complaint are true and correct.

Signed under the pains and penalties of perjury this 27th day of September 2004.

_____
Stephen R. Lewinstein

5