UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 OCT 27  P 2: 59
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BRUEGGER'S CORPORATION AND BRUEGGER'S ENTERPRISES, INC. | ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO. 04-12222PBS

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BRUEGGER'S ENTERPRISES, INC.'S MOTION TO DISMISS

We accept the plaintiff's well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. However, we reject claims that are made in the complaint if they are "bald assertions" or "unsupportable conclusions." Our objective is "to determine whether the complaint ... alleges facts sufficient to make out a cognizable claim." United States ex rel. John C. Karvelas v. Melrose-Wakefield Hosp., et al., 360 F.3d 220, 225 (1st Cir. 2004) (citations omitted).

### PRELIMINARY STATEMENT

The Defendant, Bruegger's Enterprises, Inc. ("Enterprises"), respectfully submits this Memorandum of Law in support of its motion to dismiss the Verified Complaint as against Enterprises. Simply put, plaintiff's complaint against Enterprises contains only legal conclusions and fails to set forth a single factual allegation supporting any legal theory for the alleged liability of Enterprises to answer for the debt of another. The complaint should be dismissed.

## PROCEDURAL HISTORY

On September 28, 2004, Plaintiff commenced a civil action against Enterprises and another defendant in the Trial Court of Massachusetts, Superior Court Department, Suffolk County, Massachusetts, entitled <u>One Maple Street Associates Limited Partnership v. Bruegger's Corporation</u>[*] and <u>Bruegger's Enterprises, Inc.</u>  On October 22, 2004, Enterprises filed a Notice of Removal and timely removed the action to this Court. A certified copy of the state court docket was filed with the Notice Of Removal.

## ARGUMENT

### I.    Standard Of Review.

A cause of action should be dismissed if it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). When considering a motion to dismiss, the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." <u>Martin v. Applied Cellular Tech., Inc.</u>, 284 F.3d 1, 6 (1st Cir. 2002). However, the court "eschew[s] any reliance on bald assertions [and] unsupportable conclusions." <u>Chongris v. Board of Appeals of the Town of N. Andover</u>, 811 F.2d 36, 37 (1st Cir. 1987). Dismissal under FED.R.CIV.P. 12(b)(6) is appropriate "if the complaint, so viewed, presents no set of facts justifying recovery." <u>Cooperman v. Individual, Inc.</u>, 171 F.3d 43, 36 (1st Cir. 1999) (citation omitted.)

### II.    Enterprises Is Not A Party To The Lease At Issue Here.

A review of the Lease, Exhibit "A" to the Verified Complaint, demonstrates that Enterprises is not a party to it. On a motion to dismiss, the Court may properly consider

---

[*] For convenience and to avoid identity confusion, defendant Bruegger's Corporation is hereinafter referred to as "Bruegger's."

documents central to the complaint, especially one filed as an Exhibit and incorporated by reference. The lease itself clearly may be considered in the context of a Rule 12(b)(6) motion without converting it to a motion for summary judgment. Castucci v. U.S., 311 F.Supp.2d 184, 188 n.7 (D. Mass. 2004); Hogan v. Eastern Enterprises/Boston Gas, 165 F.Supp.2d 55, 58 (D. Mass. 2001).

### III. Plaintiff Has Failed To Set Forth A Single Factual Allegation To Support Its Legal Conclusion That Enterprises Is Liable To The Plaintiff For The Obligations Of Bruegger's.

Plaintiff claims that Enterprises is liable for Bruegger's obligations under the Lease and for a purportedly "wrongful transfer" of the assets of Bruegger's. Although Plaintiff mentions Enterprises in seven paragraphs in its Verified Complaint, none of those paragraphs set forth any factual allegations of wrongdoing on the part of Enterprises. Although the pleading requirements are liberal, any well-pleaded complaint should at a minimum put defendant on notice as to the conduct for which it is being sued. Plaintiff's complaint fails utterly to do so.

#### A. The Verified Complaint states legal conclusions, not facts, as to Enterprises.

The Verified Complaint is wholly silent as to the *what, when, where, why or how* of Enterprises purported liability. The only allegations concerning Enterprises may be fairly summarized as follows:

(1) The Verified Complaint describes Enterprises as "a successor corporation liable for the obligations of [Bruegger's]." (Complaint, p.1.)

(2) Plaintiff claims that Enterprises "is a successor in interest to [Bruegger's]." (¶ 3.)

3

(3)  Plaintiff claims that Enterprises is "a successor corporate entity to the Defendant, BRUEGGER'S, and, as such, is liable to the Plaintiff for the obligations of BRUEGGER'S." (¶¶ 10, 14.)

(4)  Plaintiff alleges that "[a]t all times material or relevant hereto, … Enterprises [was] engaged in trade or commerce within the meaning of those terms contemplated in G.L. c. 93A and cases cited thereunder." (¶ 17.)

(5)  Plaintiff claims that the "Defendants, in refusing to pay for the amounts due under the Lease and the wrongful transfer of assets from BRUEGGER'S to BRUEGGER'S ENTERPRISES have engaged in an unfair or deceptive acts or practices in contravention of G.L. c. 93A §§ 2 and 11." (¶ 18).

(6)  Plaintiff alleges that the "actions of the Defendants, in not paying [Plaintiff] the contract sum …, and the wrongful transfer of assets from [Bruegger's] to [Enterprises] were and are willful and intentional ." (¶ 19).

The pleadings with respect to Enterprises are insufficient as a matter of law. Merely repeating the naked legal conclusion that Enterprises is a successor in interest to Bruegger's, no matter how many times Plaintiff does so, adds no factual basis to support what is clearly a conclusion of law. "A court should reject claims made in a complaint that are "bald assertions" or "unsupportable conclusions." United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 224 (1st Cir. 2004), quoting Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 19 (1st Cir. 2002).

In United States ex rel. Kneepkins v. Gambro Healthcare, Inc., 115 F.Supp.2d 35 (D. Mass. 2000), the government sued three companies whose predecessor corporations had allegedly committed Medicare fraud. In its pleadings, the government alleged that one of the defendant companies, Gambro, was liable because of its link to the alleged wrongdoers through a

4

wholly owned subsidiary. Id. at 39. The only fact which the government alleged as to Gambro, however, was that it was the sole owner of the subsidiary. Id. The court granted Gambro's motion to dismiss, noting that "the pleadings also state the conclusion--without divulging any factual basis--that Gambro is liable as a successor in interest, but this is the sort of 'bald assertion' that cannot pass muster." Id., quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

Plaintiff "must still allege, if only on information and belief, the facts it asserts would provide the basis for [Enterprises'] liability." Gambro, 115 F.Supp.2d at 40. This Plaintiff clearly did not do, leaving Enterprises to "guess at what the contours of the claims against it may be when they take shape at some uncertain future time." Id. at 41.

### B. Plaintiff fails to allege a single exception to traditional corporate law principles of successor liability.

Plaintiff has failed to plead any facts sufficient to avoid the settled principle that "a corporation may ordinarily purchase all of the assets of another without taking on any of its liabilities." National Gypsum Co. v. Continental Brands Corp., 895 F. Supp. 328, 333 (D. Mass. 1995). The traditional rule in Massachusetts is that "the liabilities of a selling predecessor corporation are not imposed on the successor corporation which purchases its assets." Cargill, Inc. v. Beaver Coal & Oil Co., 424 Mass. 356, 359 (1997). Although four exceptions to this rule exist, Plaintiff has not alleged a single one of them in the Verified Complaint.[*]

Under Massachusetts law, a successor corporation *may* be held liable for a predecessor corporations' liabilities when: (1) the successor expressly or impliedly assumes liability of the

---

[*] Indeed, had plaintiff's counsel performed even a minimal pre-suit inquiry into the facts and the controlling legal principles governing the claims he chose to assert, he would have readily discovered the serious deficiency of his complaint, and Enterprises would not have been put to the burden and expense of this motion. Enterprises will serve, but not file until the appropriate time, a companion motion under Rule 11.

predecessor, (2) the transaction is a de facto merger or consolidation, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor. Cargill, 424 Mass. at 359.

### 1. No claim that Bruegger's liabilities were assumed by Enterprises

To succeed on such a claim, the Plaintiff must demonstrate that, as with an express contract claim, the successor corporation manifested its assent to assume the contract. See Devine & Devine Food Brokers, Inc. v. Wampler Foods, Inc., 313 F.3d 616 (1st Cir. 2002) (finding no implied assumption of contract under Massachusetts law where corporate defendant adopted some, but not all, of the terms of a contract to which it was not a party). "A prima facie case of implied assumption of contract is established where a corporation accepted the benefits of a contract with knowledge of its terms." Id. at 618. In the instant case, Plaintiff pleads no such claim of any kind.

### 2. No claim of "de facto" merger

Nor has Plaintiff come close to pleading that the second exception applies. Plaintiff has failed to allege the presence of any of the factors courts consider when determining whether a transaction should be characterized as a "de facto merger." The Verified Complaint is wholly devoid of allegations that

> (1) there is a continuation of the enterprise of the seller corporation so that there is continuity of management, personnel, physical location, assets, and general business operations; ... (2) there is a continuity of shareholders which results from the purchasing corporation paying for the acquired assets with shares of its own stock, this stock ultimately coming to be held by the shareholders of the seller corporation so that they become a constituent part of the purchasing corporation; ... (3) the seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible; and ... (4) the purchasing corporation assumes those obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation.

Cargill, 424 Mass. at 359-360 (applying all four factors, with special emphasis on the first two factors, in holding corporation liable under successor liability principles).

### 3.  No claim that Enterprises is a "continuation" of Bruegger's

In order to properly plead the third exception, Plaintiff is required to allege facts showing that Enterprises was merely a continuation of Bruegger's. The "indices of a 'continuation' are, at a minimum: continuity of directors, officers, and stockholders; and the continued existence of only one corporation after the sale of assets." McCarthy v. Litton Indus., 410 Mass. 15, 23 (1991). The Verified Complaint fails to plead the existence of a single one of these factors.

### 4.  No claim of fraudulent effort to avoid liabilities

Finally, the fourth exception applies when the transaction is a no more than fraudulent effort to avoid the successor corporation's liabilities. In Count III, the 93A claim, Plaintiff twice alludes to the "wrongful transfer of assets" from Bruegger's to Enterprises. Verified Complaint, ¶¶ 18, 19. Such an attempt falls woefully short of the heightened pleading requirements imposed when pleading fraud. "In all averments of fraud ... the circumstances constituting fraud shall be stated with particularity." FED.R.CIV.P. 9(b). Averments of fraud must "specify the time, place and content" of the alleged fraud. Karvelas, 360 F.3d at 226, citing Arruda, 310 F.3d at 18-19.

Plaintiff has not alleged any of the particularities of the circumstances surrounding the alleged wrongful transfer of assets. Plaintiff does not even allege the required particularities "upon information and belief." Moreover, when allegations of fraud are pled on information and belief, then the allegations must state the source of the information and the reasons for such belief. Gambro, 115 F.Supp.2d at 40, quoting Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir. 1991). Plaintiff did not plead any of the particularities regarding the supposedly wrongful transfer of assets, upon information and belief or otherwise, and consequently has wholly failed to plead any sort of fraud adequately.

### IV. Plaintiff's Claim Under M.G.L. c.93A Additionally Fails For Failure To Plead With Specificity.

Plaintiff's claim under M.G.L. c.93A is wholly dependent upon the inadequately asserted claim of "successor liability" against Enterprises which fails as a matter of law under the controlling precedent set forth above. In addition, the M.G.L. c.93A claim (Count III) completely fails to meet the pleading requirements applicable to claims under the statute.

M.G.L. c.93A is an anti-fraud statute, governing as it does "unfair and deceptive acts or practices." Thus a purported claim under 93A which, as here, purports to challenge "a wrongful transfer" of the assets is properly subject to the heightened pleading requirements of FED.R.CIV.P. 9. It is well settled that Rule 9 requires a plaintiff alleging fraud to specify the time, place, and content of the alleged fraud. Karvelas, 360 F.3d at 226, citing Arruda, 310 F.3d at 18-19.

> The purpose of the requirement is to:
>
> Give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by merit less claims of fraud, to discourage "strike suits," and to prevent the filing of suits that simply hope to uncover relevant information during discovery.

Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996).

The requisite elements for a claim under M.G.L. c.93A, §§ 2(a) and 11: (1) a commercial interaction in a Massachusetts context at the root of the controversy, (2) significant loss of money and property, and (3) a causal connection between [Enterprises'] unfair and deceptive acts and the damages suffered as a foreseeable result thereof. Adams v. Liberty Mut. Ins. Co., 60 Mass.App.Ct. 55, 68 (2003) (citations omitted). Plaintiff's complaint is silent as to any "causal connection" or "foreseeable" result. It also fails to plead any "commercial interaction in Massachusetts" as to Enterprises. Moreover, the very existence of any "unfair or deceptive acts or practices" may only be determined from the circumstances of each case. Spence v. Boston

electric Co., 459 N.E. 2d 80, 390 Mass.App.Ct. 97 (1983). No circumstances of any kind are pleaded here.

Clearly plaintiff has not pleaded even a minimal factual predicate to support a 93A claim against Enterprises other than to allege conclusions that an undescribed transfer of assets was "wrongful."

## **CONCLUSION**

Since each of plaintiff's claims against Enterprises is wholly dependent upon a legal theory of successor liability which plaintiff has filed to properly plead, each claim fails for the reasons set forth herein. Plaintiff's claims under any legal theory simply do not pass muster and do not clear a threshold requirement of adequately apprising either Enterprises or this Court of minimally sufficient factual support for the claims.

Enterprises respectfully submits that each of Plaintiff's claims against it should be dismissed as a matter of law.

October 27, 2004

Respectfully submitted,

BRUEGGER'S ENTERPRISES, INC.
By its Attorneys

By: _____
Robert B. Smith, BBO# 546580
Marcia K. Rosenn, BBO#656542
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th floor
Boston, MA 02109
Phone: (617) 778-7500
Fax:    (617) 778-7501

## CERTIFICATE OF SERVICE

I, Robert B. Smith, an attorney, hereby certify that I caused true and correct copies of the foregoing Memorandum of Law in Support of Defendant Bruegger's Enterprises, Inc.'s Motion to Dismiss to be served upon the parties listed below via hand delivery this 27th day of October 2004.

Stephen P. Rahavy, Esq.
Law Offices of Stephen P. Rahavy, Esq.
Two Oliver Street
Boston, MA  02109-4900
Attorney for Plaintiff

Christopher J. Panos
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA  02210
Attorney for Bruegger's Corporation

_____
Robert B. Smith