UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONE MAPLE STREET ASSOCIATES, LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>BRUEGGER'S CORPORATION,<br><br>and<br><br>BRUEGGER'S ENTERPRISES, INC.,<br><br>Defendants. | CIVIL ACTION NO.: 04-12222PBS |

**PLAINTIFF'S, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, OPPOSITION AND MEMORANDUM OF LAW TO THE DEFENDANT'S, BRUEGGER'S ENTERPRISES, INC., MOTION TO DISMISS**

The Plaintiff, One Maple Street Associates, Limited Partnership (hereinafter, "Maple Street") OPPOSES the Defendant's, Bruegger's Enterprises, Inc. (hereinafter, "Enterprises") Motion to Dismiss pursuant to M.R.C.P., Rule 12(b)(6).

### ARGUMENT

**I.  Standard of Review**

In determining whether to grant a Federal Rule 12(b)(6) Motion, district courts primarily consider the allegations in the Complaint. The court is not limited to the four corners of the Complaint, however. Numerous cases have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice and matters of public record.

Such items may be considered by the Court without converting the Motion to Dismiss into one for Summary Judgment. Boateng v. InterAmerican Univ., Inc., C.A. 1st, 2000, 210 F. 3d 56, certiorari denied, 121 S. Ct. 245, 531 U.S. 904, 148, L. Ed. 2d 176.

For purposes of the Motion to Dismiss, (1) the Complaint is construed in the light most favorable to the Plaintiff, (2) its allegations are taken as true, and all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader. Although Rule 12(b)(6) has been used to enforce the special heightened pleading requirements for fraud and mistake prescribed by Rule 9(b), the district court's inquiry typically is directed simply to the question of whether the allegations constitute a statement of a claim for relief under F.R.C.P., Rule 8(a). All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists. Beck v. Deloitte & Touche, C.A. 11th, 1998 144 F. 3d 732 (very high burden); Kahn v. Inspector Gen. Of U.S. Dept. of Health & Human Services, D.C. N.Y., 1994, 848 F. Supp. 432, 435 (the "burden on the moving party is heavy").

## II.     The Plaintiff's Verified Complaint States Cognizable Claims

This Court should accept the Plaintiff's Verified Complaint along with any conclusions that can reasonably be drawn therefrom. Muldonado v. Dominguez, C.A. 1st, 1998, 137 F. 3d. 1.

The Plaintiff has submitted a "simplified" Verified Complaint that clearly establishes viable claims that comport with recent Supreme Court decisions relating to simplified pleadings under Rule 8. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S. Ct. 1160, 507 U.S. 163, 122, L. Ed. 517 (1993).

The basic principles underlying practice on a Rule 12(b)(6) Motion are relatively straightforward and have been well established over the years by case law. F.R.C.P., Rule 8 indicates that a complaint need only set out a short and plain generalized statement of the claim

2

for on which the Defendant will be able to frame a responsible pleading. Swierkiewicz v. Sorema, N.A., 2002, 122 S. Ct. 992, 534 U.S. 506, 152 L. Ed. 2d 1. Relatively few complaints fail to meet this liberal standard. Covad Communications Co. v. BellSouth Corp., C.A. 11th, 2002, 299 F. 3d 1272, certiorari granted and judgment vacated on other grounds, 2004, 124 S. Ct. 1143, ___ U.S. ___, 157 L. Ed. 1040, Cruz v. Melecio, C.A. 1st., 2000, 204 F. 3d. 14.

The "test" most often applied to determine the sufficiency of the Complaint was set out in the leading case of Conley v. Gibson, 1957, 78 S. Ct. 99, 355 U.S. 41, 2 L. Ed. 2d. 80. In the Conley case, the Supreme Court stated that:

> "[I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."

Id. at 102, 355 U.S. at 45-46.

### III.  Successor Corporate Liability

Annexed hereto as **EXHIBIT "A"**, is an official record from the Commonwealth of Massachusetts, Secretary of State, Corporations Division. It is uncontroverted that Bruegger's Enterprises, Inc. maintains the same address, telephone number, facsimile number, and e-mail address as did Bruegger's Corp. Annexed hereto as **EXHIBIT "B"**, is a printout from the corporate website at www.brueggers.com. Bruegger's Enterprises, Inc. represents itself as being founded in 1983 and maintains the conspicuous use of the name "Bruegger's Corp."

1.  Maple Street was not a Party to any Sale of Assets

Inasmuch as Maple Street was not a party to any transaction involving the transfer of assets from Bruegger's Corp. to any other entity in 2003, Maple Street is, at this early stage of the litigation, unable to produce further documentation that it will obtain during the discovery process.

## CONCLUSION

The Plaintiff has pled cognizable claims in its Verified Complaint. Under the established principle governing the review of an M.R.C.P., Rule 12(b)(6) Motion, the Motion to Dismiss filed by the Defendant, Bruegger's Enterprises, Inc., must be Denied.

The Plaintiff,
ONE MAPLE STREET
 ASSOCIATES LIMITED
 PARTNERSHIP,
By Its Attorney,


_____
Stephen P. Rahavy, Esq.
Law Offices of Stephen P. Rahavy
2 Oliver Street, 8th Floor
Boston, MA 02109-4900
(617) 451-0700
BBO# 410810

Dated: November 8, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party (by mail) (by hand) on 11.08.04

_____
Signature

4