UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>BRUEGGER'S CORPORATION AND BRUEGGER'S ENTERPRISES, INC.<br><br>Defendants. | CIVIL ACTION NO. 04-12222PBS |

## DEFENDANT BRUEGGER'S ENTERPRISES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS

### Preliminary Statement

The commencement of civil litigation against any party is a serious undertaking and one the Rules of Civil Procedure demand not be entered lightly, but only in good faith following a reasonable investigation into both the facts and the law. FED. R. CIV. P. 11. Defendant Bruegger's Enterprises, Inc. ("Enterprises") respectively moves this Court to award sanctions, including attorneys' fees incurred by Enterprises in connection with this action, under FED. R. CIV. P. 11 because Plaintiff's attorney clearly failed to conduct a reasonable inquiry into the facts and the law before filing the Verified Complaint. On its face, the Verified Complaint demonstrates beyond cavil that plaintiff's counsel chose to ignore his obligations under Rule 11 and failed utterly to conduct "an inquiry reasonable under the circumstances" into either the factual or legal basis of any claim against Enterprises.

### Statement of Facts

On September 28, 2004, Plaintiff commenced this action in state court in Massachusetts by filing a Verified Complaint, naming both Enterprises and Bruegger's Corporation

("Bruegger's") as Defendants. Enterprises removed the action to this Court on October 22, 2004 and promptly filed a motion to dismiss under FED. R. CIV. P. 12(b)(6).

As more fully explicated in Enterprises' <u>Motion to Dismiss</u> and supporting <u>Memorandum of Law</u> submitted with the Rule 12(b)(6) motion, the Verified Complaint is woefully inadequate. All three of plaintiff's claims against Enterprises are entirely dependent upon a legal theory of successor liability which plaintiff failed to properly plead in any respect. Replete with legal conclusions and bald assertions, the Verified Complaint is devoid of a single factual allegation regarding Enterprises' alleged misconduct. Despite the fact that Plaintiff has failed to plead even minimally sufficient factual support for its claims, Enterprises, a corporation headquartered in Vermont, was forced to a defend itself in this suit filed in Massachusetts.

The most cursory review of the commercial lease at the heart of this action (Complaint, Exhibit A) establishes that Enterprises is not a party to the lease. It is respectfully submitted that a reasonable attorney would have conducted a pre-suit investigation into the facts before filing the Verified Complaint to determine whether Enterprises could be held legally responsible for Bruegger's obligations under the lease on some good faith basis adequately supported in the law. Had such an investigation been conducted, the Verified Complaint would, at the very least, contain some factual allegations regarding Enterprises or, perhaps, not even been filed against Enterprises.

In addition, had Plaintiff's counsel conducted even a modest inquiry into controlling principles of corporate law, he would have found the law clear on the question of whether a corporation can buy the assets of another corporation without also buying its liabilities.* Rather than researching any law or investigating any facts, however, Plaintiff's counsel decided to file the, at best, barebones Verified Complaint in this action, forcing Enterprises to retain

---

* This issue is fully briefed in Enterprises' October 27, 2004 Memorandum Of Law on file with the Court. The arguments set forth therein are incorporated in this Rule 11 motion and will not be repeated here.

Massachusetts counsel, remove the matter to federal court, and file a 12(b)(6) motion for failure to state a claim upon which relief can be granted.

## Argument

### Rule 11 Sanctions Are Applicable

As this Court is well aware, Rule 11(b) of the Federal Rules of Civil Procedure provides that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. FED. R. CIV. P. 11.

Simply put, Rule 11 "requires litigants to 'stop-and-think' before initially making legal or factual contentions." Divot Golf Corp. v. Citizens Bank of Massachusetts, 2003 WL 61287 * 1 (D. Mass.) (citations omitted).

In construing an earlier iteration of Rule 11, the Supreme Court made it abundantly clear that the signer of a pleading has an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing suit. Business Guides, Inc. v. Chromatic Communications Enter., Inc., 498 U.S. 533, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991). See also, Kale v. Combined Ins. Co., 861 F.2d 746 (1st Cir. 1988).

3

In <u>Business Guides</u>, the Supreme Court stated:

> A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well-grounded in both, and is acting without any improper motive. See 5A C. Wright & A. Miller, Federal Practice and Procedure § 1335, pp.57-58 (2d ed. 1990) (hereinafter Wright & Miller).

112 L. Ed. 2d at 1153.

In determining that Rule 11 provides an objective standard, the Supreme Court held:

> Giving the text its plain meaning, we hold that it imposes on any party who signs a pleading, motion, or other paper--whether the party's signature is required by the Rule or is provided voluntarily--an <u>affirmative duty to conduct a reasonable inquiry into the facts and the law before filing</u>, and that the applicable standard is one of reasonableness under the circumstances.

112 L. Ed. 2d 1159 (emphasis added).

A reasonable inquiry into the facts of this case might have deterred counsel from filing a woefully inadequate pleading or, indeed, from proceeding against Enterprises at all. A similar reasonable inquiry into the applicable law might have deterred plaintiff's counsel from ignoring settled law on "successor liability." And it is obvious from the face of the complaint that counsel did neither, thus vitiating any good faith basis for the claim.

When drafting, filing and serving the Verified Complaint, plaintiff's counsel made legal contentions apparently without doing any legal research and pleaded absolutely no factual allegations of wrongdoing by Enterprises. Sanctions may be imposed on attorneys who file pleadings that are not "well grounded in fact" or not "warranted by existing law." <u>Nyer v. Winterthur Int'l</u>, 290 F.3d 456, 460 (1st Cir. 2002). If plaintiff's counsel had made a reasonable inquiry into well settled law, he might have properly framed the complaint and alleged basic factual underpinnings for his client's claims.

4

Moreover, a reasonable attorney under the circumstances would have conducted some sort of pre-complaint investigation and realized that he had no facts to support his claims and that his theory of recovery, as pleaded, was wholly unsupported by controlling case law in the jurisdiction. Having clearly failed to conduct any investigation, plaintiff's counsel nonetheless made the conscious, strategic decision to sue Enterprises in a foreign jurisdiction at considerable burden and expense to Enterprises. Plaintiff's counsel has failed his Rule 11 responsibility to make a reasonable inquiry into the facts and the law before filing suit and therefore should be sanctioned.

## Conclusion

For the foregoing reasons as well as those set forth in Enterprises Motion To Dismiss, it is respectfully submitted that this Court should sanction plaintiff's counsel and award attorneys' fees to Enterprises incurred by it in connection with this civil action.

October 28, 2004

Respectfully submitted,

BRUEGGER'S ENTERPRISES, INC.
By its Attorneys

By: _____
Robert B. Smith, BBO# 546580
Marcia K. Rosenn, BBO#656542
Nelson Kinder Mosseau & Saturley, P.C.
45 Milk Street, 7th floor
Boston, MA  02109
Phone: (617) 778-7500
Fax:    (617) 778-7501

## CERTIFICATE OF SERVICE

    I, Robert B. Smith, an attorney, hereby certify that I caused true and correct copies of the foregoing Defendant Bruegger's Enterprises, Inc.'s Memorandum Of Law In Support Of Its Motion For Rule 11 Sanctions to be served upon the parties listed below by hand delivery this 28th day of October 2004.

Stephen P. Rahavy, Esq.
Law Offices of Stephen P. Rahavy, Esq.
Two Oliver Street
Boston, MA 02109-4900
Attorney for Plaintiff

Christopher J. Panos
Craig and Macauley
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
Attorney for Bruegger's Corporation

_____
Robert B. Smith