UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>BRUEGGER'S CORPORATION AND BRUEGGER'S ENTERPRISES, INC.<br><br>Defendants. | Civil Action No. 04-12222 (PBS) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY DEFENDANT BRUEGGER'S CORPORATION TO
DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)

Defendant Bruegger's Corporation ("Bruegger's") respectfully submits this Memorandum of Law in support of its motion to dismiss the Complaint of One Maple Street Associates Limited Partnership ("One Maple"), which seeks to recover (i) unpaid rent that is allegedly due and owning, and (ii) damages pursuant to Mass. Gen. L. ch. 93A. Pursuant to Fed.R.Civ.P. 12(b)(6) and Mass. Gen. L. ch. 260 §§ 2 and 5A, the applicable statute of limitations on Plaintiff's claims have expired.[1] Accordingly, the above referenced portions of the Complaint should be dismissed.

---

[1] At a hearing on December 14, 2004, the Court identified the statute of limitations issue raised by Bruegger's and *sua sponte* ordered that Bruegger's bring this motion.

## Background

On or about July 23, 1993, Defendant Bruegger's entered into a lease (the "Lease") with One Maple for the rental of 11 Maple Street, Danvers, Massachusetts. Complaint, ¶ 5.[2] Pursuant to the Lease, Bruegger's agreed to pay monthly fixed rent and related charges. Complaint, ¶6; Lease, §§ 4-5. As of August 7, 2000, Bruegger's owed $232,451.11 for rent and related charges, but despite repeated demands Bruegger's refused to pay the amounts due and owing to One Maple. Complaint, ¶¶ 7-8.

The $232,451.11 is comprised of (i) rent due through March 24, 1999 ($54,036.79); (ii) additional fixed rent for the period April, 1999 through September, 2000 ($73,310.89); (iii) unbilled taxes for the period July 1, 1998 to September 30, 2000 ($10,297.03); (iv) unbilled common area charges January 1, 1998 to September 30, 2000 ($23,788.84); (v) rent due for the balance of the Lease term less replacement rent ($71,017.56). Complaint, Exhibit B. The Lease required Bruegger's to pay rent to One Maple on the first day of each and every calendar month during the term of the Lease. Lease, § 4. On or about October 31, 1997, Bruegger's vacated the leased premises, but continued to pay rent up through the month of March, 1998, after which time no rent was paid to One Maple.

---

[2] Bruegger's is entitled to rely on the contents of the Lease in support of this motion because (i) the Lease is attached to the Complaint as an exhibit, (ii) One Maple expressly referred to the Lease in the Complaint, and (iii) One Maple's claims are dependent upon the Lease. *See Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998), holding that an agreement is properly before the court on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) when a complaint's factual allegations are expressly linked to and dependent upon the agreement.

On September 28, 2004, approximately six years and a half years after Bruegger's stopped paying rent to Plaintiff, One Maple filed its Complaint in Massachusetts State Superior Court. On October 22, 2004, co-defendant Bruegger's Enterprises, Inc. removed this action to this Court.

## ARGUMENT

### I.  STANDARD ON MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) provides that a defendant may move to dismiss a pleading where the plaintiff has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In reviewing the allegations of a Complaint, the Court must take as true the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor. *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 177 (1st Cir. 1997). Further, in evaluating the allowance of a motion to dismiss, a complaint is sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, the court is not required to accept "bald assertions" or "unsupportable conclusions." *United States of America v. Melrose Wakefiled Hosp.*, 360 F.2d 220, 224 (1st Cir. 2004). Indeed, courts have held that a deferential reading of a plaintiff's complaint does not require the court to credit "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Sheridan v. Int'l Bhd. of Elec. Workers*, 940 F.Supp. 368, 372 (D. Mass. 1996), *quoting Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1990).

In addition, the Court may examine not only the pleadings, but "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint...." 5A C.A. Writght & A.R. Miller, Federal Practice and Procedure § 1357, at 199 (1990).

II.  **ONE MAPLE'S CLAIMS FOR RENT AND ADDITIONAL RENT ARE BARRED BY THE SIX YEAR STATUTE OF LIMITATIONS SET FORTH IN M.G.L. CH. 260 § 2**

Pursuant to § 28 of the Lease, performance thereunder is to be governed by Massachusetts law. Lease, § 28. Mass. Gen. L. ch. 260 § 2 provides that actions based upon a contract must be commenced within six years from the time the cause of action accrues:

> Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied... shall, except as otherwise provided, be commenced within six years next after the cause of action accrues.

Mass. Gen. L. ch. 260 § 2. Under Massachusetts law, an action for breach of contract accrues at the time of the breach, thereby triggering the statute of limitations for purposes of determining whether a claim is time-barred. *The Saenger Org., Inc. v. Nationwide Ins. Licensing Associates, Inc.*, 119 F.3d 55, 64 (1st Cir. 1997); *Micromuse, Inc. v. Micromuse, PLC*, 304 F.Supp.2d 202, 209 (D. Mass 2004). This is true "'even though a specific amount of damages is unascertainable at the time of the breach or even if damages may not be sustained until a later time.'" *Beaudette, Inc. v. Sentry Ins. A Mutual Co.*, 94 F.Supp.2d 77, 100 (D. Mass. 1999), *quoting International Mobiles*

*Corp. v. Corroon & Black/Fairfield & Ellis, Inc.*, 29 Mass. App. Ct. 215, 221 (Mass. App. Ct. 1990).

Here, Counts I and II of the Complaint are for "Contract – Account Stated" and "Breach of Contract" respectively, and are thus governed by the six year statute of limitations. Bruegger's vacated the premises in October, 1997, and ceased paying rent in April, 1998. In doing so, it not only breached the Lease, but also gave One Maple unequivocal notice that it would no longer be complying with the terms of the Lease. One Maple was clearly put on notice that Bruegger's was in breach of the Lease, and, at that time, was fully able to ascertain the remaining amounts due under § 4 of the Lease. Thus, the statute of limitations began to run at the time Bruegger's breached of the Lease, and because One Maple waited until September 27, 2004 to bring its claims, this action is time barred.[3]

Accordingly, the Court should dismiss Counts I and II of the Complaint.[4]

---

[3] Although the Lease does not require One Maple to bring suit to recover damages resulting from Brueggers' breach of the Lease within a stated period of time, Plaintiff was obligated as a matter of law to do so within a reasonable amount of time. *See, e.g., Town of Middleborough v. Middleborough Gas & Elec. Dept.*, 47 Mass. App. Ct. 655, 658 (1999) ("Generally, our cases propose a reasonable time restriction on rights exercisable under a written contract, when no express time limitation for exercise of those rights appears in the contract itself"); *Lubin & Meyer, P.C. v. Lubin*, 42 Mass. App. Ct. 304, 309-310 (Mass. App. Ct. 1997) (in the absence of a designated time for performance specified in an agreement, a party was obligated to tender payment to the as soon as was reasonably possible); *Peterson v. Tremain*, 35 Mass. App. Ct. 422, 425 (1993) (courts have been willing to impute a reasonable time limitation where the contract documents fail to state a period for performance). What is a reasonable time is a matter of law. *Town of Middleborough, supra*, 47 Mass. App. Ct. at 658.

[4] Although Bruegger's contends that its breach of the lease in April 1998 was sufficient to commence the running of the statute of limitations as to One Maple's account stated and breach of contract claims in their entirety, at a minimum, any claim for rent and additional rent due prior to September 27, 1998, should be dismissed from this action, given the six year statute of limitations discussed herein. Bruegger's expects that One Maple will in good faith assert that the statute will

### III. ONE MAPLE'S CLAIM THAT BRUEGGERS COMMITTED UNFAIR AND DECEPTIVE PRACTICES BASED ON THE FAILURE TO PAY RENT AND ADDITIONAL RENT IS BARRED BY THE FOUR YEAR STATUTE OF LIMITATIONS SET FORTH IN MASS.GEN.L. CH. 260 § 5A

A claim for damages under Mass. Gen. L. ch. 93A must be brought within four years of the date a party has notice of the 'unfair and deceptive practice' at issue. Mass. Gen. L. ch. 260 § 5A; *see also Dwyer v. Barco Auto Leasing Corp.*, 903 F.Supp. 205, 211 (D. Mass. 1995). There can be no doubt that One Maple was aware of the non-payment of rent and additional rent more than four years prior to the time it commenced this action. On August 7, 2000, it sent a letter to Bruegger's demanding payment of the rent, additional rent and the other specified damages sought herein. *See* Exh. B to the Complaint. As a result of its delay of over four years in seeking damages pursuant to Mass. Gen. L. ch. 93A, One Maple's ch. 93A claims based on the failure to pay rent and additional rent are time barred.

One Maple also premises its ch. 93A claim on the allegedly "wrongful" transfer of the assets of Bruegger's to co-defendant Brueggers Enterprises. However, if the Court determines that the statute of limitations bars Plaintiff's breach of contract claims, logic dictates that the transfer of assets could not have been "wrongful" in any way in relation to the Plaintiff.

Accordingly, the Court should dismiss Count III of the Complaint to the extent it relies upon the failure to pay rent and additional rent as an unfair and

---

apply to each payment under the Lease as it became due, for which there is support in the law. Because of the terms of the Lease and the unequivocal breach of all obligations under the Lease by Bruegger's in April of 1998, Bruegger's submits that the entire claim accrued at that time and is therefore time barred.

6

deceptive practice, and if the Court decides to dismiss Counts I and II, then it should dismiss Count III of the Complaint in its entirety.

## CONCLUSION

Bruegger's respectfully requests the Court enter an order dismissing Counts I and II of the Complaint in their entirety, and dismissing Count III of the Complaint in so far as it relies upon the failure to pay rent and additional rent to establish liability under Mass. Gen. L. ch. 93A. In the event the Court dismisses Counts I and II, then it should also dismiss Count III in its entirety.

January 13, 2005

                                                BRUEGGER'S CORPORATION
                                                By its attorneys,

                                                /s/Joseph J. Koltun
                                                Christopher J. Panos  (#555273)
                                                Joseph J. Koltun (#641117)
                                                CRAIG & MACAULEY, P.C.
                                                Federal Reserve Plaza
                                                600 Atlantic Avenue
                                                Boston, MA 02210
                                                (617) 367-9500