UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 26  P 3: 28

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| ONE MAPLE STREET ASSOCIATES, LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> BRUEGGER'S CORPORATION, <br><br> and <br><br> BRUEGGER'S ENTERPRISES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 04-12222PBS |

**PLAINTIFF'S, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, OPPOSITION AND MEMORANDUM OF LAW TO THE DEFENDANT'S, BRUEGGER'S CORPORATION, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

The Plaintiff, One Maple Street Associates, Limited Partnership (hereinafter, "Maple Street") respectfully submits the within Opposition and Memorandum of Law to the Defendant's, Bruegger's Corporation (hereinafter, "Bruegger's") Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    BACKGROUND**

For purposes of the Motion to Dismiss and not otherwise, Maple Street agrees that Bruegger's overview of the history of the tenancy is substantially correct, with the exception to the inference that the six-year statute of limitations commenced when Bruegger's stopped paying rent to [Maple Street].

## II.  STANDARD OF REVIEW

In determining whether to grant a Federal Rule 12(b)(6) Motion, district courts primarily consider the allegations in the Complaint. The court is not limited to the four corners of the Complaint, however. Numerous cases have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice and matters of public record. Such items may be considered by the Court without converting the Motion to Dismiss into one for Summary Judgment. *Boateng v. InterAmerican Univ., Inc.*, C.A. 1st, 2000, 210 F. 3d 56, certiorari denied, 121 S. Ct. 245, 531 U.S. 904, 148, L. Ed. 2d 176.

For purposes of the Motion to Dismiss, (1) the Complaint is construed in the light most favorable to the Plaintiff, (2) its allegations are taken as true, and all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader. Although Rule 12(b)(6) has been used to enforce the special heightened pleading requirements for fraud and mistake prescribed by Rule 9(b), the district court's inquiry typically is directed simply to the question of whether the allegations constitute a statement of a claim for relief under F.R.C.P., Rule 8(a). All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists. *Beck v. Deloitte & Touche*, C.A. 11th, 1998 144 F. 3d 732 (very high burden); *Kahn v. Inspector Gen. Of U.S. Dept. of Health & Human Services*, D.C. N.Y., 1994, 848 F. Supp. 432, 435 (the "burden on the moving party is heavy").

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

III.  **ARGUMENT**

  A.  MAPLE STREET'S CLAIMS FOR RENT AND RELATED CHARGES ARE NOT BARRED BY THE SIX-YEAR STATUTE OF LIMITATIONS [G.L. c. 260, §2] BECAUSE THE LEASE IS A "SEALED INSTRUMENT" AND THUS, THERE IS A TWENTY-YEAR LIMITATION PERIOD [G.L. c. 260, §1].

Annexed hereto as **EXHIBIT "A"** is a copy of the commercial lease dated July 23, 1993 by and between Maple Street and Bruegger's. Page 18 of the Lease clearly identifies the corporate "seal" of Bruegger's and "attest[ed]" to by the corporate secretary. The lease is "under seal" and accordingly, the statute of limitations period is twenty (20) years [G.L. c. 260, §1], not six (6) years[1].

G.L. c. 4, §9A reads as follows:

> "In any written instrument, a recital that such instrument is sealed by or bears the seal of the person signing the same or is given under the hand and seal of the person signing the same, or that such instrument is intended to take effect as a sealed instrument, shall be sufficient to give such instrument the legal effect of a sealed instrument without the addition of any seal of wax, paper or other substance or any semblance of a seal by scroll, impression or otherwise; but the foregoing shall not apply in any case where the seal of a court, public office or public officer is expressly required by the constitution or by statute to be affixed to a paper, nor shall it apply in the case of certificates of stock of corporations. The word 'person' as used in the section shall include a corporation, associations, trust or partnership."

In fact, the lease is Bruegger's form lease and there can be no ambiguity that Bruegger's intended to, and did, execute this documents with its "seal." If there is no ambiguity, courts will construe the words of the contract in their "usual and ordinary sense." *Citation Ins. Co. v. Gomez*, 426 Mass. 379, 688 N.E. 2d 951, 952 (1998). In the event that Bruegger's asserts that there is an ambiguity, one of the elementary rules of contractor interpretation is to construe the asserted ambiguity against the drafter of the instrument, in this instance, Bruegger's.

---

[1] In any event, Maple Street does not concede that the commencement of this action in State Court is outside of the six (6) year statute of limitations, even if it were to be applicable.

3

1.  <u>The History of "Seals"</u>

To understand the role of seals in the law, some background is useful. Seals have a venerable history in our law of contacts. In medieval England, a time when most adults were illiterate, unable even to sign their names, contracts routinely were executed "under seal." This is, each party impressed on the physical document a wax seal or other mark bearing his individual sign of identification. H.O. Hunter, Modern Law of Contracts § 7:2 (2003). Under the common law, the seal became proof of the parties' identities and the document's authenticity, and loss or destruction of the sealed contract terminated the bargain. *Nalbandian v. Hanson Restaurant & Lounge, Inc.*, 369 Mass. 150, 154, 388 N.E. 2d 335 (1975). Moreover, the seal was said to import consideration, substituting for the actual giving of such. See, e.g. *Schuster v. Baskin, supra* ("Because under seal, the consideration, if any was immaterial"). See also, *17 Am. Jr. 2d Contracts* §105 (2004). ("At common law. . . a seal was deemed to dispense with, or raise a presumption of, consideration"); *1 S. Williston, Contracts* § 2:14 (4th ed. 1990 & Supp. 2003). Over time, simply the words "under seal" or a similar phrase appearing in a mass-produced, form contract became sufficient to invest that document with the privileged status of a sealed instrument. See *320 *G.L. c. 4, §9A*, inserted by St. 1929, c. 377, § 2. *[FN9]*. See e.g., *Marine Contractors Co. v. Hurley*, 365 Mass. 280, 285 n. 2, 310 N.E. 2d 915 (1974) (recitation in contract that parties have "set their hands and seals" to agreement sufficient pursuant to G.L. c. 4, § 9A, to create sealed contract). *Knott v. Racicot*, 442 Mass. 314, 812 N.E. 2d 1207 (2004).

B.  <u>THE SIX-YEAR LIMITATION PERIOD IS NOT APPLICABLE</u>

Because the lease which is the subject matter of this litigation is under "seal," the six (6) year limitation period found in G.L. c. 260, §2 is not applicable to this dispute. This dispute is governed by the twenty (20) year limitation found in G.L. c. 260, §1.

1. <u>Even if G.L. c. 260, §2 Was Applicable, Bruegger's Argument Fails</u>

On March 24, 1999, counsel for Maple Street, formally notified Bruegger's of its "default in the payment of rent" and related charges. SEE, **EXHIBIT "B"**. Bruegger's had ten (10) days to cure the default. Otherwise, Maple Street could avail itself of other remedies, including the right to terminate the lease.

On April 6, 1999, counsel for Bruegger's acknowledged that Bruegger's was ". . . prepared to discuss resolutions [sic] of this matter and termination of the lease on mutually agreeable terms." SEE, **EXHIBIT "C"**. These "discussions" included an acknowledgement by Bruegger's that the lease was still a viable document as of April 6, 1999[2]. Bruegerr's further agreed that there had been no acceptance of a voluntary surrender by Maple Street.

2. <u>Mitigation of Damages</u>

It is settled law in Massachusetts that a landlord has no duty to mitigate damages. *Atkinson v. Rosenthal*, 33 Mass. App. Ct. 219, 598 N.E.2d 666 (1992). When, as in the instant case, a landlord declines to accept the tenant's surrender but notifies the tenant that it will seek to rent the premises, the inference of an acceptance of surrender is not to be made and the obligation of the tenant to pay rent does not end, although it is reduced by the rental income the landlord receives from the new tenant, less expenses of releasing the premises. *Id.*

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

---

[2] Maple Street re-let the premises on August 17, 2000.

## IV.  CONCLUSION

For the within reason, Maple Street respectfully requests this Court **DENY** Bruegger's Motion to Dismiss the Complaint.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____

_____
Signature

Dated: January 25, 2005

The Plaintiff,
ONE MAPLE STREET
 ASSOCIATES LIMITED
 PARTNERSHIP,
By Its Attorney,

_____
Stephen P. Rahavy, Esq.
Law Offices of Stephen P. Rahavy
2 Oliver Street, 8th Floor
Boston, MA 02109-4900
(617) 451-0700
BBO# 410810