UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
ONE MAPLE STREET ASSOCIATES    )
LIMITED PARTNERSHIP,           )
                               )
            Plaintiff,         )
v.                             )
                               )
BRUEGGER'S CORPORATION AND     )
BRUEGGER'S ENTERPRISES, INC.   )
                               )
            Defendants.        )
_____)

Civil Action No. 04-12222 (PBS)

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION BY DEFENDANT BRUEGGER'S CORPORATION TO
<u>DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)</u>**

Defendant Bruegger's Corporation ("Bruegger's") respectfully submits this Reply Memorandum in further support of its Motion to Dismiss the Complaint of One Maple Street Associates Limited Partnership ("One Maple").

In its Opposition to the Motion to Dismiss, One Maple contends that its claims for breach of contract and account stated are not barred by the six year statue of limitations applicable to contract actions, because the twenty year statute of limitations applicable to contracts under seal as set forth in Mass. Gen. L. ch. 260 § 1 is applicable herein. However, the mere fact that a document has the printed words

"under seal" is insufficient to bring the contract within the twenty year statute.[1] Accordingly, One Maple's claims should be dismissed.

## ARGUMENT

In order for the twenty-year statute of limitations set forth in Mass. Gen. L. ch. 260 § 1 to apply to a given contract, the contract must contain more than just the printed word "seal" next to a signature, as was found by the Appeals Court in *Kingston Housing Authority v. Sandonato & Bogue, Inc.*, 31 Mass. App. Ct. 270 (Mass. App. Ct. 1991). In *Sandonato*, the Kingston Housing Authority sued a contractor claiming it had deviated from contract specifications and provided faulty work. The defendant contractor interposed the defense of statute of limitations. Faced with the prospect of having its claims dismissed, plaintiff argued that its contract was "under seal" and that the twenty year statute of limitations applied. Both the trial court and the Appeals Court disagreed:

> Words such as "signed as a sealed instrument" or "witness our hands and seals hereto" do not appear in the contract between the KHA and Sandonato. What does appear is the typewritten word "seal," in parentheses, to the right of the blanks for the name of the owner (in this case the KHA) and the line for the signature of the officer of the owner. The word "seal" does not appear anywhere in the signature block for the contractor. That alone is insufficient to convert the contract into one made under seal.

---

[1] Although One Maple does not refute the facts that Bruegger's (i) vacated the premises on or about October 31, 1997, and (ii) stopped paying rent after March, 1998 (*see* One Maple Opposition at 1, Bruegger's Memorandum in Support at 2), it also contends that even if the six-year statue of limitations is applicable, its claims are not time barred. Bruegger's respectfully disagrees and refers the Court to its Memorandum in Support at 4-5. In addition, One Maple does not address at all the argument that its claims pursuant to Mass. Gen. ch. 93A are time barred by the four-year statute of limitations set forth therein.

2

*Id.* at 275 (internal citations omitted). The court went on to find that even if there were a seal stamp on next to the signatures, that would not be enough to bring the contract within the ambit of Mass. Gen. L. ch. 260 § 1:

> Barely discernible in the record appendix is a faint outline of what may be a seal stamp on each signature block. <u>Assuming those marks are corporate seals, they do not convert the contract as one to be specially regarded as under seal. In similar circumstances authorities have construed a corporate seal stamp as authentication of the authority of the signing officers and not as a manifestation of intent that the instrument is under seal</u>. Compare *Gildenhorn v. Columbia Real Estate Title Ins. Co., 271 Md. 387, 390, 398-406 (1974)*, in which a corporation's facsimile seal was printed together with a recitation that its corporate name and seal had been affixed. If impressed in this case, we think the corporate seals had a similarly limited significance and did not express an intent by the parties to have the contract treated as made under seal.

*Id.* at 275-276 (emphasis added). Accordingly, the court held that contract was governed by the six-year statute of limitations and affirmed the grant of summary judgment in the contractor's favor. *Id.*

*Sandonato* is on all fours with the case at bar. The words "signed as a sealed instrument" or "witness our hands and seals hereto" do not appear anywhere in the lease between the parties. The only mention of the word "seal" in the lease is on the signature page, which contains the words "Corp Seal" in parentheses next to the signature of a witness. Notably, there is no signature – let alone seal – next to the signature block for One Maple. Moreover, the notary page immediately following the signature page recites only the following:

3

> On this 23rd day of July, 1993 before me appeared Stephen A. Finn, to me personally known, who, being duly sworn, did say that he is the President of BRUEGGER'S CORPORATION and that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors, and said President acknowledged execution of said instrument to be the free act and deed of said corporation.

Lease at 19. As in *Sandonato*, this language is only determinative that the person signing the Lease had authority to do so on behalf of the corporation, and did not transform the lease into an instrument under seal. Accordingly, the twenty-year statute of limitations set forth in Mass. Gen. L. ch. 260 § 1 does not apply to the lease, and One Maple's claims are time barred by the six year statute of limitations in Mass. Gen. L. ch. 260 § 2

## CONCLUSION

For the reasons stated herein and in the Memorandum in Support of the Motion to Dismiss, defendant Bruegger's Corporation respectfully requests that the Court dismiss the claims of plaintiff One Maple Street Associates, LLC.

February 2, 2005

BRUEGGER'S CORPORATION
By its attorneys,

/s/Joseph J. Koltun
Christopher J. Panos (#555273)
Joseph J. Koltun (#641117)
CRAIG & MACAULEY, P.C.
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 367-9500