# EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
<u>DISTRICT OF MASSACHUSETTS</u>

| | |
|---|---|
| ONE MAPLE STREET ASSOCIATES, LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> v. <br><br> BRUEGGER'S CORPORATION, <br><br> and <br><br> BRUEGGER'S ENTERPRISES, INC., <br><br> Defendants. | CIVIL ACTION NO.: 04-12222PBS |

<u>PLAINTIFF'S, ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP, SUR-REPLY MEMORANDUM TO THE DEFENDANT'S, BRUEGGER'S CORPORATION, REPLY MEMORANDUM</u>

The Plaintiff, One Maple Street Associates Limited Partnership (hereinafter, "Maple Street") respectfully submits this Sur-Reply Memorandum in Response to Defendant's, Bruegger's Corporation (hereinafter, "Bruegger's"), Reply Memorandum in connection with the pending Motion to Dismiss filed by Bruegger's.

In its Reply Memorandum, Bruegger's argues that the twenty (20) year statute of limitations is not applicable to this action.

## I. ARGUMENT

Bruegger's cites *Kingston Housing Authority v. Sandonato & Bouque, Inc.*, 31 Mass. App. Ct. 270 (1991) as controlling authority that the twenty (20) year statute of limitations set forth in G.L. c. 260, § 1 is not applicable to this dispute, ostensibly because the word "seal" next

to the signature is insufficient in and of itself to bring the dispute with a twenty (20) year limitations period.

Bruegger's boldly asserts, and Maple Street believes, erroneously that "[t]he words 'signed as a sealed instrument' or 'witness our hands and seals hereof'" do not appear anywhere in the Lease between the parties. Bruegger's is mistaken.

A. The Acknowledgement

Annexed hereto as **EXHIBIT "A"** are pages 18 and 19 of the Lease by and between Maple Street and Bruegger's. The acknowledgement of "Stephen A. Finn" reads as follows:

> "On this 23rd day of July, 1993, before me appeared Stephen A. Finn, to me personally known, who, being by me duly sworn, did say that he is the President of BRUEGGER'S CORPORATION and that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors, and said President acknowledged execution of said instrument to be the free act and deed of said corporation."

Clearly, the lease was "signed and sealed" by Bruegger's in addition to the fixing of the "corporate seal" on the signature page. Elsewhere in the acknowledgement is a reference to the "corporate seal of said corporation."

Inasmuch as this is Bruegger's lease, even if there were to be an ambiguity, which Maple Street asserts there is not, the ambiguity must be resolved against the drafter of the document, Bruegger's.

## II. CONCLUSION

For the additional reasons stated herein as well as in Maple Street's Opposition to the Defendant's Motion to Dismiss, the Plaintiff, One Maple Street Associates Limited Partnership,

respectfully requests that this Court DENY the Motion of the Defendant, Bruegger's Corporation, to Dismiss the Plaintiff's Complaint.

The Plaintiff,
ONE MAPLE STREET
  ASSOCIATES LIMITED
PARTNERSHIP,
By Its Attorney,

_____
Stephen P. Rahavy, Esq.
Law Offices of Stephen P. Rahavy
2 Oliver Street, 8th Floor
Boston, MA 02109-4900
(617) 451-0700
BBO# 410810

Dated: February 3, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon ~~each party appearing pro-se and~~ the attorney of record for each ~~(other)~~ party by mail ~~(by hand)~~ on 2/3/05

_____
Signature

## 40. When Lease Becomes Binding

Employees or agents of Landlord or Tenant have no authority to make or agree to make a lease or any other agreement or undertaking in connection herewith. The submission of this document for examination and negotiation does not constitute an offer to lease, or a reservation of, or option for the Premises, and this document shall become effective and binding only upon the execution and delivery hereof by both Landlord and Tenant. All negotiations, considerations, representations, and understandings between Landlord and Tenant are incorporated herein and may be modified or altered only by agreement in writing between Landlord and Tenant.

IN WITNESS WHEREOF, the parties have executed and delivered this Lease as of the date first above written.

WITNESS:                LANDLORD: ONE MAPLE STREET ASSOCIATES

                        by: _____
                        Name: _____
_____ Title: _____


                        TENANT: BRUEGGER'S CORPORATION
(Corp Seal)
Attest: _Dianne \ [signature]_         by: _[signature]_
          Secretary                     Name: _Stephen A. Finn_
                                        Title: _President_

**EXHIBIT "A"**

Bruegger's Corporation Lease
Page 18

COMMONWEALTH OF MASSACHUSETTS )
)  ss.
COUNTY OF ESSEX )
)

On this ___ day of July, 1993, before me personally appeared _____, to me personally known, who, being by me duly sworn, did say that he is the_____ of ONE MAPLE STREET ASSOCIATES, a Massachussetts Limited Partnership, and that said instrument was signed on behalf of said Limited Partnership, and said_____ acknowledged execution of said instrument to be the free act and deed of said_____ and acknowledged execution of said instrument to be his free act and deed and the free act and deed of the Limited Partnership.

My Commission expires: _____

Name: _____
Notary Public (Seal)


STATE OF VERMONT )
)  ss.
COUNTY OF CHITTENDEN )
)

On this 23rd day of July, 1993 before me appeared Stephen A. Finn, to me personally known, who, being by me duly sworn, did say that he is the President of BRUEGGER'S CORPORATION and that the seal affixed to the foregoing instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors, and said President acknowledged execution of said instrument to be the free act and deed of said corporation.

My Commission expires: 2/10/95

Name: Amy L McFeeters
Notary Public (Seal)