UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ONE MAPLE STREET ASSOCIATES LIMITED PARTNERSHIP,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BRUEGGER'S CORPORATION AND BRUEGGER'S ENTERPRISES, INC.  )<br>)<br>Defendants.  ) | | CIVIL ACTION NO. 04-12222PBS |

## AFFIDAVIT OF DAVID T. AUSTIN IN SUPPORT OF DEFENDANT BRUEGGER'S ENTERPRISES, INC.'S MOTION FOR SUMMARY JUDGMENT

1. My name is David T. Austin. I am the President of Bruegger's Enterprises, Inc. I have personal knowledge of the facts set forth herein.

2. Bruegger's Bagel Bakeries began operating in 1983. The company was founded by Nordahl Brue and Michael Dressell.

3. In the summer of 1996, the stock of Bruegger's Corporation ("Bruegger's") was sold to Quality Dining, Inc. ("QDI").

4. QDI owned and operated Bruegger's from that date through October 1997.

5. Bruegger's entered into the subject lease ("the Lease Agreement") on July 23, 1993.

6. Bruegger's abandoned the subject premises on October 31, 1997.

7. In October 1997, Mr. Brue and Mr. Dressell reacquired all of the stock of Bruegger's. At that time, Bruegger's had secured indebtedness of approximately $10 million, and unsecured debt of $10 million. Operating affiliates of Bruegger's also had secured indebtedness of approximately $50 million.

1

8. Mr. Brue and Mr. Dressell were the sole shareholders of Bruegger's from October 1997 through August 6, 2003. Because of a decline in royalty revenue during this period, Bruegger's became unable to timely service its secured indebtedness.

9. In order to satisfy the demands of Bruegger's lenders, the company agreed that it would market itself and use sales proceeds to pay Bruegger's lenders.

10. Bruegger's was marketed through Houlihan Lokey Howard & Zukin, an investment banking firm with offices in New York.

11. Bruegger's received multiple expressions of interest and several offers for its assets, including an offer from Sun Capital Partners, Inc. or its affiliates (collectively, "Sun Capital").

12. Bruegger's lender approved the Sun Capital offer and requested that Bruegger's accept that offer, but before Bruegger's did so, the lender sold all of Bruegger's debt to Sun Capital.

13. After Sun Capital acquired Bruegger's debt, Bruegger's agreed to sell its assets to an affiliate of Sun Capital in lieu of foreclosure. The sale price was the same price that had been offered by Sun Capital prior to the time Sun Capital acquired Bruegger's debt.

14. On August 6, 2003, Sun Capital acquired all of the assets of Bruegger's for $5,000,000, plus the assumption of certain obligations specified in the Asset Purchase Agreement attached hereto as Exhibit 2, through an entity called "Bagel Acquisition Corporation." Bagel Acquisition Corporation assigned all of its rights and obligations under the Asset Purchase Agreement to Enterprises. The full amount of the purchase price was applied to the secured indebtedness of Bruegger's, leaving a substantial deficiency.

15. There was no binding settlement agreement in place between Brueggers' and the plaintiff as of August 6, 2003. At the time of the transaction, Bruegger's had not occupied

the premises since October 31, 1997, and had not had any contact with the plaintiff since January 2001.

16. Enterprises never occupied the premises at Eleven Maple Street in Danvers, Massachusetts or received any other benefits under the Lease Agreement.

17. Neither Bruegger's, Mr. Brue, nor Mr. Dressell, acquired any stock or any other interest Sun Capital, Bagel Acquisition Corp., Enterprises, or any of their affiliates as a result of this transaction.

18. Neither Mr. Brue nor Mr. Dressell own, or ever owned, any stock in Sun Capital, Bagel Acquisition Corp., Enterprises, or any of their affiliates.

19. Neither Mr. Brue nor Mr. Dressell has, or ever had, any employment, consulting, or personal contractual relationship with Bagel Acquisition Corp. or Enterprises. Enterprises leases space in a building owned by an entity controlled by Mr. Brue and Mr. Dressell in Burlington, Vermont, for which they pay rent on terms comparable to or better than other tenants in the building. Enterprises leases retail space at market rate in a building owned by an entity controlled by Mr. Brue.

20. Mr. Brue and Mr. Dressell have a controlling interest in an entity that provides goods to Enterprises at market rates. Enterprises has analyzed the market for these goods consistent with its normal practice, and selected the goods provided by Mr. Brue and Mr. Dressell's entity as a result of that arms-length analysis.

21. The former shareholders of Bruegger's have no other relationship with Sun Capital, Bagel Acquisition Corp., Enterprises, or any of their affiliates

22. As of August 6, 2003, David Austin was the President and Chief Executive Officer of Bruegger's. Mr. Austin currently serves as President of Enterprises. The CEO of Enterprises is James Greco. Mr. Greco was never employed by Bruegger's.

23. As of August 6, 2003, Steven Schonberg was Bruegger's Vice President, Chief Financial Officer, Treasurer, and Secretary. Mr. Schonberg worked for Enterprises for approximately a month, but is no longer employed by Enterprises. Because of his extensive experience with Bruegger's, Mr. Schonberg provides consulting services to Bruegger's.

24. The board of directors of Enterprises is made up entirely of persons designated by Sun Capital. Neither Mr. Brue, Mr. Dressell, Mr. Austin, nor Mr. Schonberg sit, or have ever sat, on Enterprises' board of directors.

25. No current or former member of Brueggers' board of directors is a member of Enterprises' board of directors.

FURTHER AFFIANT SAYETH NOT.

The statements contained herein are true and correct to the best of my knowledge and belief.

Dated: September 23, 2005

_David T. Austin_

STATE OF VERMONT
COUNTY OF CHITTENDEN

Appeared before me this 23 day of September 2005 David T. Austin, who affirmed that the statements contained herein are true to the best of his knowledge and belief.

_Notary Public/Justice of the Peace_

4